UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL    JS-6

Case No.  2:23-cv-06729-HDV (AJRx)                              Date: February 23, 2024

Title  _Bruno v. FedEx, et al._

Present: The Honorable:    Hernán D. Vera, United States District Judge

| Wendy Hernandez | None. |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorney Present for Plaintiff: | Attorney Present for Defendant: |
|---|---|
| (None) | (None) |

**Proceedings: ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND [DKT. NO. 11]**

    Before the Court is Plaintiff Roberto Bruno's Motion to Remand ("Motion"), filed on September 15, 2023 [Dkt. No. 11]. As discussed more fully below, the Court finds that Defendant FedEx Ground Package System, Inc. ("FedEx") has not met its heavy burden to show that Defendant Hubbard, a resident of California, is an improperly joined sham defendant. Because Hubbard's presence in this case destroys complete diversity between the parties, the Motion is granted.

\* \* \*

    This action concerns Plaintiff's allegations of employment discrimination and harassment by FedEx (his former employer) and Doe Hubbard (one of his co-workers). In a complaint originally filed in Los Angeles Superior Court on July 10, 2023, Plaintiff brought fourteen causes of action, including failure to pay wages, race discrimination, age discrimination, work environment harassment, retaliation, and wrongful termination. Complaint [Dkt. No. 1-2]. Plaintiff's theory of harassment includes an alleged incident where, after Plaintiff's wife honked at Hubbard, Hubbard shouted discriminatory slurs and other insults at Plaintiff. First Amended Complaint ("FAC") at ¶ 16. Plaintiff alleges that he was terminated because of the incident. _Id._ at ¶ 21.

    On August 16, 2023, FedEx filed a notice of removal to this Court. ("Removal Notice") [Dkt. No. 1]. The Removal Notice alleges that Hubbard is a sham defendant. _Id._ at 6–9. Defendant FedEx argues that because Hubbard is the only Defendant with California citizenship,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:23-cv-06729-HDV (AJRx)                                          Date: February 23, 2024

Title   *Bruno v. FedEx, et al.*

and because his citizenship as a sham defendant should be disregarded, complete diversity exists between Plaintiff and FedEx.  *Id.*

Federal courts have original jurisdiction of civil actions between citizens of different states where the matter in controversy exceeds $75,000.  28 U.S.C. § 1332.  Federal jurisdiction under § 1332 requires *complete* diversity, i.e., that each plaintiff is diverse from each defendant.  *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 553 (2005) (citing *Strawbridge v. Curtiss*, 7 U.S. 267 (1806)).  Any doubts about removal are resolved in favor of remand.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).  "Th[is] 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  *Id.* (citation omitted).

Removal is proper when a non-diverse defendant was fraudulently joined.  *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  "There are two ways to establish fraudulent joinder [also commonly known as a 'sham defendant']: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  *See Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). (citation omitted).  "Fraudulent joinder is established the second way if a defendant shows that an individual joined in the action cannot be liable on any theory."  *Id.*  Fraudulent joinder is a term of art and does not require an ill motive.  *Lewis v. Time Inc.*, 83 F.R.D. 455, 460 (E.D. Cal. 1979), *aff'd*, 710 F.2d 549 (9th Cir. 1983).  A defendant must prove fraudulent joinder by "clear and convincing evidence."  *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).  Indeed, if "there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court."  *Grancare*, 889 F.3d at 548 (citation omitted).  A court must consider "whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend."  *Id.* at 550.  The Court need only find a "glimmer of hope that plaintiff can establish [a] claim" to remand the action.  *Gonzalez v. J.S. Paluch Co.*, No. CV-12-8696-DDP-FMOx, 2013 WL 100210, at *4 (C.D. Cal. Jan. 7, 2013).

Defendant FedEx points out that Plaintiff asserts only one cause of action against Hubbard: Work Environment Harassment under the FEHA.  FAC ¶¶ 110–24.  A claim for harassment under FEHA requires a plaintiff to establish that (1) they are a member of a protected group; (2) they were subjected to harassment because they belonged to this group; and (3) the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:23-cv-06729-HDV (AJRx)                                    Date: February 23, 2024

Title       *Bruno v. FedEx, et al.*

alleged harassment was so severe or pervasive that it created a hostile work environment. *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1244 (9th Cir. 2013).  FedEx argues that Plaintiff's "heated argument" with Hubbard cannot be the basis of a valid FEHA claim because it was not sufficiently severe or pervasive and that Plaintiff does not allege the harassment occurred because of Plaintiff's age or disability.  Motion at 8.

The Court disagrees with the premise that there is no possibility Plaintiff can state a claim against Hubbard in state court.  Indeed, a "single incident of harassing conduct is sufficient to create a triable issue regarding the existence of a hostile work environment if the harassing conduct has unreasonably interfered with the plaintiff's work performance or created an intimidating, hostile, or offensive working environment."  Cal. Gov't Code § 12923(b).  It is conceivable that a state court could find that Plaintiff's allegations of Hubbard's aggressive language support a triable issue on Plaintiff's claims of a hostile work environment, especially considering that Plaintiff claims Hubbard referenced his age and race in the course of the alleged harassment.  *See* FAC at ¶ 16 ("Mr. Hubbard called Plaintiff 'F***ing White' at least two times … Mr. Hubbard called Plaintiff 'F***ing old man' at least four times.").  This conclusion is bolstered by the possibility that Plaintiff will be granted leave to amend in state court.  *Clark v. Walgreens Co.*, No. 22-CV-01588-PJH, 2022 WL 2307201, at *3 (N.D. Cal. June 27, 2022) (holding that, even though plaintiff did not have a viable FEHA harassment claim against a non-diverse defendant, remand was proper because "defendants have not met their burden of proving that plaintiff could not possibly prevail on a harassment claim against [plaintiff] if given [further] leave to amend" in state court).  Thus, although Plaintiff's claim against Hubbard may be based on an admittedly thin pleading, "defendants have not shown there is *absolutely no possibility* that [Plaintiff] can allege an age [and race] harassment claim against [Defendant Hubbard]" and "remand is proper on this basis."  *Christ v. Staples, Inc*., No. 14-CV-07784-MMM-JEMx, 2015 WL 248075, at *5 (C.D. Cal. Jan. 20, 2015) (emphasis added).[1]

The cases cited by FedEx do not compel a different result.  *Quesada v. Atrium Hospitality LP* concerned an attempt by a plaintiff to add a non-diverse party nine months into FEHA litigation.  No. 22-CV-06143-SVW-MAAx, 2023 WL 1861213, at *4 (C.D. Cal. Feb. 9, 2023).  Putting aside the fact that the *Quesada* court was analyzing the late joinder of a defendant

---

[1] The fact that Plaintiff has not yet located and served Hubbard does not change the result. *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969) ("Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:23-cv-06729-HDV (AJRx)                                              Date: February 23, 2024

Title   *Bruno v. FedEx, et al.*

under the *Murphy* factors (and not whether an original defendant was a sham defendant), the defendant found to have been improperly joined in *Quesada* was only mentioned once in the original complaint and was not alleged to have been responsible for (or even involved in) any of the allegedly improper activity that gave rise to the suit.  *Id.* at *3.  This stands in stark contrast to the facts here, which include Plaintiff's termination immediately after the alleged altercation involving Hubbard's supposed harassment of Plaintiff.  *See* FAC at ¶¶ 16, 21.  *Croft v. GTT Commc'ns, Inc.* dealt with a plaintiff who had been terminated and was called "weak" on one occasion, which is distinguishable from the verbal harassment and slurs alleged in this case.  No. 21-CV-01083-EMC, 2021 WL 1847816, at *5 (N.D. Cal. May 10, 2021).  Likewise, *Jensen v. Hardwoods Specialty Prod.* found fraudulent joinder where plaintiff only alleged that the sham defendant "behaved in a cold and indifferent manner," which could not possibly support a viable FEHA claim.  No. 22-CV-00762-MCE-AC 2022 WL 17455980, at *4 (E.D. Cal. Dec. 6, 2022).  And *Robinson v. PPG Indus., Inc.* concerned a manager who chose not to hire the plaintiff, which is also not actionable under FEHA.  No. 19-CV-04033-ODW-RAOx, 2019 WL 5258573, at *4 (C.D. Cal. Oct. 17, 2019).

In summary, Defendant has failed to meet its burden to establish that Defendant Hubbard is a sham defendant.  Because Plaintiff still has a "glimmer of hope" that he can establish a triable FEHA harassment claim against Hubbard, remand is necessary.

The Motion is ***granted***, and the case is remanded to Los Angeles Superior Court.[2]

**IT IS SO ORDERED.**

---

[2] The Court does not reach Defendant's Motion to Strike or in the Alternative to Dismiss [Dkt. No. 13], which is ***moot*** by virtue of this Order remanding the case.